Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of earthenware eggcups similar in all material respects to those the subject of *Ross Products, Inc.* v. *United States* (46 Cust. Ct. 8, C.D. 2226), the claim of the plaintiff was sustained.

**No. 67817.**—B. Altman & Co. v. United States, protest 62/14026 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of Rockingham earthenware similar in all material respects to that the subject of *Justin Tharaud & Son, Inc., et al.* v. *United States* (44 Cust. Ct. 216, C.D. 2177), the claim of the plaintiff was sustained.

**No. 67818.**—Hudson Shipping Co., Inc. v. United States, protests 59/33400, 59/33424, and 60/29535(B) (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 CCPA 15, C.A.D. 458), the claim of the plaintiff was sustained.

**No. 67819.**—King Shipping Company v. United States, protests 61/4350, 61/4351, and 61/11625 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 CCPA 15, C.A.D. 458), the claim of the plaintiff was sustained.

**No. 67820.**—W. & T. Spyer, Inc. v. United States, protest 62/17286–13053 (Chicago).

Opinion by DONLON, J. Since the protest was filed more than 60 days after liquidation, it was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

BEFORE THE FIRST DIVISION, JUNE 17, 1963

**No. 67821.**—Falcon Sales Co. v. United States, protest 60/31346 (Tampa).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

No. 67822.—Falcon Sales Co. v. United States, protest 60/31348 (Tampa).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JUNE 17, 1963

No. 67823.—Dentorium Products Co., Inc. v. United States, protests 62/4002 and 62/18089 (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the items marked "A" consist of artificial teeth similar in all material respects to those the subject of *Air Express Int'l Agency, Inc., et al.* v. *United States* (46 Cust. Ct. 163, C.D. 2251), the claim at 10 percent under the provision in paragraph 1558, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), supplemented by Presidential proclamation (T.D. 52827), for nonenumerated manufactured articles was sustained.   Other items marked "B," stipulated to consist of shade guides the same in all material respects as those the subject of *Swissedent International* and *Hoyt, Shepston & Sciaroni* v. *United States* (47 Cust. Ct. 174, C.D. 2298), were held entitled to free under the provision in paragraph 1821(a) and (b), as added by Public Law 85–211 (T.D. 54463), for samples to be used in the United States only for soliciting orders for products of foreign countries, so treated that they are unsuitable for sale or for use otherwise than as samples, as claimed.

BEFORE THE FIRST DIVISION, JUNE 19, 1963

No. 67824.—P. L. Thomas & Co., Inc. v. United States, protests 60/21089, etc. (New York).